UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TIFFANIE WILLINGHAM and MI'SHAY SCRUGG,<br><br>Plaintiffs,<br><br>v.<br><br>PUEBLO DEL SOL,<br><br>Defendant. | Case No: 2:25-cv-00662-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Amended Complaint, which the Court screens under 28 U.S.C. § 1915(e)(2).

In her Amended Complaint Plaintiff alleges one cause of action under 42 U.S.C. § 1985(3). Plaintiff says her landlord, Pueblo Del Sol, and Clark County Constables, who are not sued, conspired to evict her and her daughter from their apartment after Plaintiff applied for emergency rental assistance through a federally supported program. ECF No. 7 at 2. Plaintiff further alleges that this was done without due process, a court order, or judicial hearing. *Id*. at 3. Plaintiff goes on to state that her landlord and the Constables conspired against her, a single black woman, by entering into an agreement to evict her without due process. *Id.* Plaintiff alleges the conspiracy was motivated by discriminatory animus. *Id*. Plaintiff also alleges overt acts including, but not limited to, "[c]oordinated scheduling of [an] eviction without lawful process." *Id*.

42 U.S.C. § 1985(3) provides a cause of action against state or private conspiracies. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). Plaintiff's claim pertains to denial of equal protection of eviction laws and a conspiracy to interfere with access to a federally funded program. A cause of action under § 1985(3) requires a showing of some racial or class-based discrimination. *Kush v. Rutledge*, 460 U.S. 719, 724-26 (1983). The elements of a claim under the first clause of § 1985(3) are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Plaintiff's Amended Complaint states sufficient facts to support a

facial claim of conspiracy that she alleges was motivated by racial discrimination. Thus, Plaintiff's claim under 42 U.S.C. § 1985(3) may proceed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Amended Complaint against Pueblo Del Sol will proceed.

IT IS FURTHER ORDERED that the Clerk of Court is to issue a USM-285 form and send the same to Plaintiff. Plaintiff **must** complete the form to the best of her ability to do so and return the same no later than **May 12, 2025** to the U.S. Marshal at the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

IT IS FURTHER ORDERED that Plaintiff is advised to review Federal Rule of Civil Procedure 4 regarding service of a complaint on a business (corporate) entity. Plaintiff is further advised to look on the Nevada Secretary of State, Business Entity Search tab, to locate the name and address for Pueblo Del Sol's (or its owner) registered agent on whom service of her Amended Complaint should occur.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Pueblo Del Sol and send the same, together with a copy of Plaintiff's Amended Complaint (ECF No. 7) and this Order, to the U.S. Marshal for service.

IT IS FURTHER ORDERED that the U.S. Marshal **must** attempt service on Pueblo Del Sol no later than fourteen (14) days after receipt of the completed USM-285 form from Plaintiff.

DATED this 24th day of April, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE